The next and last case on our calendar is Elijah Ratcliff v. Greyhound Bus Lines. Maria, I need some regular small paperclips, not the big ones, the small ones. Thank you. Mr. Ratcliff, you've been sitting here all day. Well, enjoying everything. Oh, good. Welcome. May it please the court, I am Elijah W. Ratcliff, plaintiff appellant in this proceeding. May I initially note that my primary reason for requesting oral argument was that I wanted to reserve an option to address any novelties during my canvassing of the what appear to be well-researched cases cited by the brief of appellee, which I had not completed at the time the scheduling deadline approached. So I made this option, and shortly after the scheduling I did complete the canvassing process and continued to conclude that a judgment for plaintiff appellant was appropriate, that this court of appeals should review, reverse, and render judgment favoring the plaintiff. Now the sequence of events below started with the filing of the complaint, plaintiff's original petition, document number one, by the plaintiff appellant. The clerk ultimately issued the summons with the plaintiff's original petition therewith, in compliance with rule three of the Federal Rules of Civil Procedure. And as I said, it included a copy of my complaint, which complied with rule 8A of the Federal Rules of Civil Procedure. And the clerk furnished a copy of the summons and complaint to me for service of process, and I properly delivered that summons with the plaintiff's original petition to the sheriff of New York City for service on the defendant. That service was executed by that office in conformity with rule four of the Federal Rules of Civil Procedure. And after more than 10 days passed, and that complaint had been filed with the office of the district clerk, United States district clerk. And note further that the period in which the summons had required the defendant to answer had expired, that is more than 21 days. Then I opted to call this to the attention of the United States district clerk in an application for a motion for a default judgment. And this judgment was appropriate pursuant to the rules three of, pardon me, 8A, filing that I had made, three, rule three, issues of the summons by the clerk, rule four, execution of the summons by the office of the sheriff of New York City, and my application, which was appropriate pursuant to rule 10C of the Federal Rules of Civil Procedure, which allowed me to adopt by reference the contents of the petition as originally filed, which was done. There was an affidavit attached not only to my, as part and parcel of my motion for a default judgment, but there was also an affidavit attached to the plaintiff's written which specifically identified the recovery to which plaintiff was entitled. Mr. Radcliffe, your time has expired. Why don't you take a minute and talk about the issue upon which dismissal was based, which is jurisdiction. Can you talk about that? Well, this was a, this, my standard of review, which I referenced in my brief, was abuse of discretion, and it was clearly abuse of discretion for the court to invade the province of the trial fact, and the trial fact in this instance was the clerk. And, and... Where do you live, Mr. Counsel? Where do you live? Pardon? Where do you actually live? Well, I've had difficulty pinning down a location over the years, but Manhattan is what I claimed as my residence, and I guess the most informative response would be that I, early on, I decided it would be best not to try to set up a domicile in an area where my civil rights couldn't be realized, and over the years, that could not be accomplished where my greatest property assets were, which was Livingston, Texas, so I never accepted that as a permanent domicile, and I was hoping that at some point over the years, and this perspective developed early on, but I, I hoped at some point my civil rights would be able to be realized in that jurisdiction, and with the help, and with the help of this court, I think it should, because the personnel has simply turned over since that, that standard was developed in my perspective. You have reserved one minute for rebuttal. Thank you. Why don't you have a seat at the council table? And we'll hear from Greyhound. May it please the Court, my name is Nicholas Kardasher from Cullinan Dykman, I represent Greyhound. Mr. Ratcliffe filed his complaint on October 22nd, 2018. It was served December 3rd, but before being served, Judge Stanton dismissed it sui sponte on jurisdiction grounds, subject matter jurisdiction, and venue. The only, Mr. Ratcliffe only appealed on subject matter jurisdiction, and then the failure of Greyhound to appeal, to answer his complaint. So he wants a default judgment. Greyhound never had to answer because by the time the petition or complaint was actually served, it had already been dismissed. Is there a, is there rules about lost baggage in any way that Greyhound is subject to? There's a limitation of liability, I believe, on the passenger ticketing, but it What is that limitation of liability? I'm not sure specifically, but it's not that much money. Did you offer that amount of money to Mr. Ratcliffe? I don't know, Your Honor. That would be helpful if Greyhound did that. I don't think it ever reached that point. I think he simply filed the lawsuit. You mean he never tried to negotiate a settlement? I don't believe so, Your Honor. All right, anything else you have to say? No, Your Honor. Thank you. All right, Mr. Ratcliffe, the ball's in your court. You are entitled to a certain amount based on the contract of carriage, which is your ticket. I beg your pardon, Your Honor. This involved more than mere baggage. This was a conversion of property calculated to diminish plaintiff in a substantial manner. Now, I mentioned a vast array of cases that the opposing counsel filed or cited that I was interested in responding to, but two of them stand out very much in depth that I would like to mention. One is, the first one is that they cited Ratcliffe v. Lighty, and that case was totally off point because of, to the extent that they were suggesting that it was raised due to Carter, Greyhound was not even appointed to that suit. And to the extent that they are suggesting collateral estoppel, it's just totally inappropriate because none of the parties in that case were served with a summons. As a matter of fact, no summons was issued. None of the parties were served. Your time has expired again. And may I say that the parties in that case refused to submit to the jurisdiction of the United States District Court for the Southern District of New York, as they had refused to cooperate with the administrative law judge in the underlying proceeding. The district court dismissed your complaint. So that complaint, so Greyhound never had an answer. Pardon? The district court dismissed your complaint. But they failed to cite any case in which a party has been excused from filing a response to pleading based on a suresponded response by a presiding judge. Well, okay. Once the complaint is dismissed, there's no case. So they obviously don't have to answer. My advice to you, Mr. Radcliffe, is to begin discussions with Greyhound about any amount of damages to which you are entitled. Your Honor, the lady was explaining to me that that wouldn't make sense. Okay. Thank you. That concludes our calendar for today. I will ask the clerk to adjourn court. Thank you. Go get the door for my youngster. Thank you.